UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:05-cr-00248-GEB |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE** |
| MIGUEL ANGEL SANDOVAL, | |
| Defendant. | |

Defendant Miguel Angel Sandoval moves under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence based upon the Sentencing Commission's passage of Amendment 782, which generally revised the Drug Quantity Table in U.S.S.G. § 2D1.1 downward by two levels. (Def.'s Mot., ECF No. 94.)

The government opposes Defendant's motion, arguing that "the defendant does not qualify for a sentence reduction." (Gov't Opp'n 3:19-20, ECF No. 98.) The government rejoins:

> In this case, defendant's sentencing range has not changed because the amount of methamphetamine (actual) properly attributed to the defendant, 7.134 kilograms of methamphetamine (actual), still results in a Base Offense Level 38 after the enactment of Amendment 782. PSR ¶ 20 (finding total of 7.134 kilograms of methamphetamine (actual) attributable to the defendant). A sentence reduction is not consistent with U.S.S.G. § 1B1.10 if "[a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range." Where

1

> application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. United States v. Leniear, 574 F.3d 668, 673-74 (9th Cir. 2009) (finding final sentencing range unchanged due to the operation of grouping rules); United States v. Waters, 648 F.3d 1114, 1117 (9th Cir. 2011) (finding defendant ineligible for sentence reduction because his career offender guideline was not altered by reduction in drug offense guideline); United States v. Hernandez, 645 F.3d 709, 712 (5th Cir. 2011) (finding defendant ineligible for sentence reduction where quantity of drugs exceeded threshold amount needed to reach Base Offense Level of 38 even after amendment of drug guideline).
>
> Under the current version of § 2D1.1, 7.134 kilograms of methamphetamine (actual) still results in an Offense Level of 38. U.S.S.G. § 2D1.1(c)(1) (setting Base Offense Level of 38 for offense involving drug quantity more than 4.5 kilograms of methamphetamine (actual)). Thus, the defendant's base offense level is unaffected by Amendment 782 and, consequently, his guideline range of 210 to 262 months in prison on Counts One and Five remains the same today as at it was during his original sentencing. Stated another way, under § 1B1.10, the defendant is ineligible for relief because Amendment 782 did not have the effect of lowering his applicable guideline range. Leniear, 574 F.3d at 673-74. Accordingly, the defendant's motion for a sentence reduction should be denied because he is not eligible for relief.

(Id. at 4:2-23 (alteration in original).)

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." United States v. Leniear, 574 F.3d 668, 673 (9th Cir. 2009) (internal quotation marks omitted) (quoting United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007)).

> However, 18 U.S.C. § 3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if:

> **(1) the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission";** and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Id. (emphasis added) (quoting 18 U.S.C. § 3582(c)(2)).

Defendant has not shown that his sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Therefore, 18 U.S.C. § 3582(c)(2) is inapplicable and cannot be used to lower his sentence. Accordingly, Defendant's motion for reduction of sentence is DENIED.

Dated: February 11, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge